## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT
### HARTFORD DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO.    17-31385(JJT) |
| ) | |
| ) | CASE NO.    16-31067 (JJT) |
| DOROTHY MONIELLO ) | |
| ) | CHAPTER    13 |
| DEBTOR. ) | |
| ) | |
| ) | MAY 2, 2018 |

### SUPPLEMENT TO MOTION TO APPROVE COMPROMISE AMONG
### DOROTHY MONIELLO, DAVID MADELUNG AND MARK WINIK

Pursuant to the Order of this Court dated March 6, 2018 (Doc. 153) (the **"Order"**) Mark Winik, Interested Party, ("Winik"), by and through his counsel, Joseph B. Burns of Rome McGuigan, P.C., hereby submits this supplement to his Motion To Approve Compromise Among Dorothy Moniello, David Madelung and Mark Winik dated February 13, 2018 (Doc. 142), by submitting the following:

1.    Proposed Settlement Agreement and Global Release, attached as **Exhibit A**.

2.    April 9, 2018 correspondence from Debtor Dorothy Moniello and Mr. David Madelung, expressing acceptance of the proposed Settlement Agreement and Global Release (Doc. 175), attached as **Exhibit B**.

3.    Electronic message exchange between undersigned counsel and representatives of the State Marshal Commission indicating efforts to establish education for State Marshals on the automatic stay, a bankruptcy discharge and his duties, restraints and obligations related thereto, indicating, *inter alia*, communication

between the State Marshal Commission and this Court on or about April 10, 2018,

concerning same, attached as **Exhibit C**.

RESPECTFULLY SUBMITTED,
MARK WINIK, INTERESTED PARTY

By: */s/ Joseph B. Burns*
Joseph B. Burns
Federal Bar No. ct00403
Rome McGuigan, P.C.
One State Street, 21st Floor
Hartford, CT 06103-3101
Tel: (860) 549-1000
Fax: (860) 724-3921
Email: jburns@rms-law.com

16500-77\MN8067

2

# EXHIBIT A

## SETTLEMENT AGREEMENT AND GLOBAL RELEASE

This Settlement Agreement and Release (the **"Agreement"**) is made and entered into as of March __, 2018 by and between Dorothy Moniello (**"Ms. Moniello"** or **"Debtor"**), David Madelung (Dorothy Moniello and David Madelung are collectively the **"Claimants"**), and Conn. State Marshal Mark Winik (**"Marshal Winik"**) (Dorothy Moniello, David Madelung and Winik are collectively the **"Parties"** and each may be referenced individually as a **"Party"**). In consideration of the mutual promises and covenants set forth herein, the Parties agree as follows:

1.    <u>Recitals.</u>    This Agreement is made with reference to the following facts:

1.1    Prior to the events described herein Dorothy Moniello was the sole owner of real property located at 82-84 Lancraft Street, New Haven, Connecticut (the **"Property"**) and resided at the Property until the Eviction (as defined below). Mr. Madelung also resided at the Property until the Eviction, but has never owned the Property.

1.2    On June 6, 2014, Wells Fargo Bank, National Association, as Trustee for Securitized Asset Backed Receivables LLC Trust 2005-OP1, Mortgage Pass-Through Certificates, Series 2005-OP1 (**"Wells Fargo"**), filed a foreclosure action against the Debtor in state court. A judgment of strict foreclosure entered on August 3, 2015. On June 21, 2016, Wells Fargo filed an amended certificate of foreclosure on the land records of the City of New Haven.

1.3    On July 6, 2016, after Wells Fargo recorded its amended certificate of foreclosure, the Debtor filed a Chapter 13 Bankruptcy action, case no. 16-31067 in the United State Bankruptcy Court for the District of Connecticut (the **"2016 Bankruptcy"** and the **"Court"**). On July 29, 2016, Wells Fargo sold its interest in the Property to Shmuel Aizenberg. On September 1, 2016, Mr. Aizenberg transferred the Property to Super Zen, LLC (**"Super Zen"**).

1.4    Ocean Management, LLC (**"Ocean"**) is duly authorized by Super Zen to act as its managing agent. Ocean has managed the Property since it was acquired by Mr. Aizenberg and Super Zen.

1.5    On August 24, 2016, Ocean served a notice to quit on the occupants of the Property.

1.6    On August 30, 2016, Wells Fargo moved for relief from the automatic stay in the 2016 Bankruptcy. Wells Fargo represented in the motion that it owned the Property. However, at that time, Wells Fargo no longer owned the Property; it had already been transferred to Mr. Aizenberg and Super Zen. The Court, *Nevins, J.* granted Wells Fargo's motion for relief from stay on September 23, 2016. Ms. Moniello thereafter filed a motion to vacate the order lifting the stay on October 6, 2016. On November 16, 2016, the Court vacated its first order and entered a new order granting Wells Fargo relief from stay. In accordance with applicable rule, said relief became effective 14 days later on November 30, 2016.

1

1.7     On September 30, 2016, Sandman Law Group, LLC (**"Sandman"**) commenced a summary process action on behalf of Ocean captioned *Ocean Management, LLC v. John Doe, et al.*, Docket Number NHH-CV-16-6002743-S in the Judicial District of New Haven (the **"Summary Process Action"**), The Summary Process Action was filed against "John Doe and Jane Doe" because the identity of the occupants was unknown to Ocean and Sandman at the time the Summary Process Action was commenced.  Ms. Moniello and Mr. Madelung appeared in the Summary Process Action on October 12, 2016 and filed answers and special defenses on October 17, 2016.

1.8     On December 6, 2016 a trial was held on the Summary Process Action in state court.  The court rendered judgment in favor of Ocean, and Ms. Moniello filed an appeal.

1.9     The 2016 Bankruptcy was dismissed on January 6, 2017.

1.10     After the appeal of the judgment was dismissed, and Ms. Moniello had exhausted her appellate options, an eviction order was issued by the state court on September 6, 2017.  Marshal Winik served the eviction the Claimants on September 7, 2017.  The eviction commenced on September 8, 2017 and proceeded on certain dates thereafter (the **"Eviction"**).

1.11     On September 8, 2017, after the Eviction commenced, Ms. Moniello filed a second Chapter 13 Bankruptcy action, case no. 17-31385 (the **"2017 Bankruptcy"**).

1.12     The Claimants have filed certain pleadings and have made certain claims against Marshal Winik concerning his involvement in the Eviction, and have alleged that Marshal Winik violated the terms of the bankruptcy automatic stay which entered upon filing of the 2017 Bankruptcy (the **"Claims"**).

1.13     The Claimants and the Defendant have agreed to settle the Claims, and have agreed to execute releases in favor of each other stemming from any conduct occurring in or during the summary Process Action and the Eviction, including but not limited to any alleged violations of the bankruptcy automatic stay, all as reflected in the following paragraphs.

1.14     In consideration of the promises, covenants and conditions contained in this Agreement, and for good and valuable consideration, the receipt and sufficiency of which are acknowledged, the Parties, intending to be legally bound, release each other Party as set forth in the following paragraphs.

2.     <u>Payment</u>:

2.1     No later than seven (7) days after the execution of this Agreement, Marshal Winik will cause to be made to the Claimants the following payment:

Forty Thousand Dollars and 00/100 Cents ($40,000.00) for damages claimed by Ms. Moniello and Mr. Madelung against Winik pertaining to the Summary Process Action

and/or the Eviction, including but not limited to any alleged violations of the bankruptcy automatic stay (the **"Settlement Payment"**).

The Settlement Payment shall be made payable to "Dorothy Moniello and David Madelung" shall be delivered via hand delivery and/or federal express to Ms. Moniello and/or Mr. Madelung at P.O. Box 8672, New Haven, Connecticut 06531.

The Claimants expressly acknowledge that the Settlement Payment, Charitable Contribution and the release described below are Winik's only material obligations pursuant to this Agreement, and that they further understand that the Settlement Payment is being made by Marshal Winik's insurance company, on behalf of Marshal Winik.

2.2     No later than seven (7) days after the execution of this Agreement, Marshal Winik will cause to be made from his own funds payment in the amount of $1,000.00 to the Robert L. Krechevsky Pro Bono Fund the ("Charitable Contribution").

2.3     The Claimants agree to withdraw all claims against Winik in the 2017 Bankruptcy, with prejudice, within three (3) days of receipt of the Settlement Payment as stated above.

3.     Release.

3.1     Ms. Moniello, for herself and, as applicable, her heirs, beneficiaries, executors, administrators, members, partners, employees, legal representatives, predecessors, successors, parents, subsidiaries, agents, and assigns, and anyone claiming for or through her, for and in consideration of the Settlement payment, lawful money of the United States of America paid by the Defendant pursuant to the terms of this Agreement, and for other good and valuable consideration as stated in this Agreement, agrees to release and forever discharge Marshal Winik, his heirs, beneficiaries, executors, administrators, members, partners, employees, legal representatives, predecessors, successors, parents, subsidiaries, agents, assigns, insurers and agents, and all persons acting by, through, under, or in concert with them from any and all claims, demands, damages, bills , judgments, actions, or causes of action, known or unknown, which Ms. Moniello ever had, now has or may have for, upon or by reason of any matter, cause or thing whatsoever, from the beginning of the world to the date hereof regarding, relating, pertaining to or arising out of service of the Notice to Quit, the Summary Process Action, the Eviction, the Claims, or any alleged violations of the bankruptcy automatic stay in the 2016 Bankruptcy or the 2017 Bankruptcy. This Agreement and release shall not be construed to alter or affect any claims held or asserted or that may be asserted by Ms. Moniello against Sandman Law Group, LLC, Ocean Management LLC or Attorney Michael Rozea.

3.2     Mr. Madelung, for himself and, as applicable, his heirs, beneficiaries, executors, administrators, members, partners, employees, legal representatives, predecessors, successors, parents, subsidiaries, agents, and assigns, and anyone claiming for or through him, for and in consideration of the Settlement Payment, lawful money of the United States of America paid by the Defendant pursuant to the terms of this Agreement, and for other good and valuable consideration as stated in this Agreement, agrees to release and forever discharge Marshal

3

Winik, his heirs, beneficiaries, executors, administrators, members, partners, employees, legal representatives, predecessors, successors, parents, subsidiaries, agents, assigns, insurers and agents, and all persons acting by, through, under, or in concert with them from any and all claims, demands, damages, bills , judgments, actions, or causes of action, known or unknown, which Mr. Madelung ever had, now has or may have for, upon or by reason of any matter, cause or thing whatsoever, from the beginning of the world to the date hereof regarding, relating, pertaining to or arising out of service of the Notice to Quit, the Summary Process Action, the Eviction, the Claims, or any alleged violations of the bankruptcy automatic stay in the 2016 Bankruptcy or 2017 Bankruptcy.  This Agreement and release shall not be construed to alter or affect any claims held or asserted or that may be asserted by Mr. Madelung against Sandman Law Group, LLC, Ocean Management LLC or Attorney Michael Rozea.

3.3    Marshal Winik for himself and as applicable, his heirs, beneficiaries, executors, administrators, members, partners, employees, legal representatives, predecessors, successors, parents, subsidiaries, agents, and assigns, and anyone claiming for or through it, for and in consideration of the releases in paragraphs 3.1 and 3.2 of this Agreement, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, agrees to release and forever discharge the Claimants and, as applicable, their present and former officers, directors, managers, members, employees, partners, trustees, consultants, successors, subsidiaries, parents, attorneys, affiliates, assigns, insurers and agents, and all persons acting by, through, under, or in concert with them from any and all claims, demands, damages, bills, judgments, actions, or causes of action, known or unknown, which Sandman ever had, now has or may have for, upon or by reason of any matter, cause or thing whatsoever, from the beginning of the world to the date hereof regarding, relating, pertaining to or arising out of service of the Notice to Quit, the Summary Process Action, the Eviction, the Claims, any alleged violations of the bankruptcy automatic stat in the 2016 Bankruptcy or 2017 Bankruptcy or Sandman's contribution to the Settlement Payments.  This Agreement and release shall not be construed to alter or affect any claims held or asserted or that may be asserted by Winik against Sandman Law Group, LLC, Ocean Management LLC or Attorney Michael Rozea.

3.4    The foregoing releases shall extend to all claims specified therein of every nature and kind whatsoever, known, suspected or unsuspected, whether arising in equity or at law, including, but not limited to, any claims for fees or based on contract, tort, statute, breach of duty, negligence, recklessness, bad faith or any other theory of liability, common law or statutory.

3.5    The foregoing releases are intended to include in their effect all claims which the Parties do not know or suspect to exist in their favor at the time of the execution of this Agreement regarding, relating, pertaining to or arising out of the Summary Process Action, the Eviction, the Claims, any alleged violations of the bankruptcy automatic stay in the 2016 Bankruptcy or 2017 Bankruptcy, as well as all claims that were or could have been alleged or asserted in the 2016 Bankruptcy or 2017 Bankruptcy.

4.    <u>Waiver of Automatic Stay.</u>

The automatic Stay in connection with the Property is waived and shall be of no effect in any subsequent bankruptcy filing by Debtor of any bankruptcy filing in the future by Mr. Madelung.

5.    Non-Disparagement.

5.1    The Parties and/or their attorneys further agree and represent that no Party and no Party's representative shall disparage or defame any other Party or endeavor to publish or disseminate information regarding the other Parties regarding, relating, pertaining to or arising out of the Summary Process Action, the Eviction, the Claims or Marshal Winik's payment of the Settlement Payment or the Charitable Contribution.

6.    No Admission of Liability.

The Claimants understand and acknowledge that this Agreement represents the settlement of doubtful and disputed claims against Marshal Winik concerning in the Summary Process Action, the Eviction, the Claims, any alleged violations of the bankruptcy automatic stay in the 2016 Bankruptcy or 2017 Bankruptcy, as well as all claims that were or could have been alleged or asserted in the 2016 Bankruptcy or 2017 Bankruptcy, and the settlement of the Claims shall not be construed as an admission of liability or any fault on the part of Marshal Winik, which liability or fault is understood and acknowledged by the Claimants to be expressly denied by Marshal Winik.

7.    Representations, Warranties and Agreements.

7.1    Each Party has had the opportunity to receive independent legal advice from counsel with respect to the advisability of entering into the terms of this Settlement Agreement. Mr. Madelung acknowledged and represented, individually and on behalf of Ms. Moniello, at the hearing on March 22, 2018, that they have conferred with attorneys and other persons regarding entering into and accepting the terms of this Settlement Agreement.

7.2    Each Party has made such investigation of the facts pertaining to the settlement reflected in this Agreement and of all the matters pertaining thereto as they deem necessary.

7.3    The Parties or their authorized representative have read this Agreement, understand its terms, conditions and contents and are duly authorized both to execute this Agreement and to bind the Parties.

7.4    The Parties have not assigned, transferred, or granted, or purported to assign, transfer, or grant, any interest of any kind in the 2016 Bankruptcy, 2017 Bankruptcy or the Claims, or in any of the claims, demands, or cause or causes of action disposed of by this Agreement.

8.    General Provisions

8.1     Integration.  This Agreement is intended to be and constitutes the final, complete and exclusive agreement regarding the subject matter of this Agreement and all prior or contemporaneous agreements, understandings, representations and statements, oral or written, are merged into and superseded by this Agreement.  No parol or extrinsic evidence of any kind and no course of dealings or usage of trade or course of performance shall be used to vary, contradict, supplement or add to the terms of this Agreement.

8.2     Amendment.  No amendment, modification, termination or waiver of this Agreement or any of its provisions shall be valid unless it is in writing and signed by the Party against which such amendment, modification, termination or waiver is sought to be enforced.

8.3     Waiver.     No waiver of any breach of any provision or term of this Agreement shall be deemed a waiver of a bready of a similar or dissimilar provision or condition at the same time or any prior or subsequent time or of the provision or term itself.

8.4     Binding Effect.     This Agreement shall bind and inure to the benefit of the Parties and their respective successors, assigns and legal representatives.  Except as otherwise stated in this Agreement, no person or entity other than the Parties shall have any rights under, or be deemed a beneficiary of this Agreement.

8.5     Survival.     All representations, warranties, covenants and agreements contained in this Agreement shall survive its execution and delivery and any and all performance in accordance with this Agreement.

8.6     Governing Law.     This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Connecticut without regard or reference to choice of law provisions or rules.

8.7     Jurisdiction and Venue.     Any dispute relating in any way to this Agreement shall be litigated in the Bankruptcy Court, for as long as the Bankruptcy Court retained jurisdiction over the parties regarding this Agreement and the events giving rise thereto.  If a dispute relating in any way to this Agreement arises after the Bankruptcy Court no longer has jurisdiction, said dispute shall be litigated in a state court located in Connecticut.  The state housing court is recognized by the Parties as having concurrent jurisdiction respecting matters arising under the lease described herein.

8.8     Rules of Construction.     The section headings contained in this Agreement are for reference purposes only and shall not affect the meaning or interpretation of this Agreement.  References to a section without further attribution shall refer to the section of this Agreement.  When indicated by the context, each number, both singular and plural, includes all numbers, and each gender includes all genders.  As used herein, the terms "include," "including" and similar terms shall be construed as if followed the words "without limitation," the term "person" includes a natural person, firm, partnership, corporation, limited liability company, association and any other private or public entity; and the term "provisions" shall be construed as if followed by the words "covenants, agreements, representations, warranties, indemnities, terms and/or conditions."

6

8.9    <u>Severability.</u>    If any one or more of the provisions of this Agreement shall for any reason to be held to be invalid, illegal or unenforceable in any respect, then such invalidity, illegality or unenforceability shall not affect any other provision of this Agreement and this Agreement shall be construed as if such invalid, illegal or unenforceable provisions had never been included in this Agreement.

8.10    <u>Interpretation.</u> This Agreement has been negotiated at arm's length.  Any rule of law or legal decision that would require interpretation of this Agreement against the drafter is not applicable and is waived.

8.11    <u>Attorney's Fees.</u>    Each party shall pay his, her or its own attorneys' fees, costs and related expenses incurred by them in connection with the 2016 Bankruptcy and 2017 Bankruptcy and with the negotiation, preparation, execution and delivery of this Agreement.

8.12    <u>Effectiveness.</u> This Agreement shall become effective when it has been approved by the Court and executed by the Parties and delivered to the Parties' legal counsel.  Facsimile and electronically stored, scanned signatures and delivery by facsimile or electronic mail transmission shall be valid and effective.

IN WITNESS WHEREOF, the Parties have executed this Agreement on the date indicated below.

Dated as of the ___ day of March 2018.


_____

DOROTHY MONIELLO


_____

DAVID MADELUNG


_____

CONN. STATE MARSHAL MARK WINIK


17500-77/MN1173

7

EXHIBIT B

April 9, 2018

The Honorable James J. Tancredi
U.S. Bankruptcy Court
450 Main St, Hartford, CT 06103

**FILED**

2018 APR 12  P 12: 39

CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD

17-31385

Dear Judge Tancredi,

We, Dorothy Moniello and David Madelung, the "Claimants" due by this writing have by
acknowledge our acceptance of the settlement agreement and global release between ourselves
and the Connecticut State Marshall Mark Winik.  Dated: April 9, 2018.

Respectfully,

Dorothy Moniello

*[signature]*

David Madelung

*[signature]*

# EXHIBIT C

## Joseph B. Burns

| | |
|---|---|
| **From:** | Montgomery, Jennifer <Jennifer.Montgomery@ct.gov> |
| **Sent:** | Tuesday, April 10, 2018 12:59 PM |
| **To:** | Tracey Sheedy; Joseph B. Burns |
| **Cc:** | 'W. Martyn Philpot Jr.'; Moore, Doug |
| **Subject:** | RE: Impact of Federal Bankruptcy Laws |

Tracey,

Thank you very much for this information.  Please let Attorney Burns know when he returns that we have placed a call to chambers.

Best,
Jennifer Montgomery

*Jennifer Y. Montgomery*
Staff Attorney
Department of Administrative Services
State Marshal Commission
Phone: 860-713-5374
Email: Jennifer.Montgomery@ct.gov

**From:** Tracey Sheedy [mailto:tsheedy@rms-law.com]
**Sent:** Monday, April 09, 2018 2:22 PM
**To:** Montgomery, Jennifer <Jennifer.Montgomery@ct.gov>; Joseph B. Burns <jburns@rms-law.com>
**Cc:** 'W. Martyn Philpot Jr.' <wmphilpot@philpotlaw.net>; Moore, Doug <Doug.Moore@ct.gov>
**Subject:** RE: Impact of Federal Bankruptcy Laws

Ms. Montgomery:  Attorney Burns is out of the country at the present time and will return to the office on April 16.  I am taking the liberty of providing the following information in response to your e-mail (below).

Judge Tancredi Courtroom Deputy     Karen VanKruiningen     860-240-3679

Tracey C. Sheedy, Paralegal
860-493-3586

**From:** Montgomery, Jennifer [mailto:Jennifer.Montgomery@ct.gov]
**Sent:** Wednesday, April 04, 2018 11:59 AM
**To:** Joseph B. Burns
**Cc:** 'W. Martyn Philpot Jr.'; Tracey Sheedy; Moore, Doug
**Subject:** RE: Impact of Federal Bankruptcy Laws

Attorney Burns,

My secretary advised me of your call yesterday. I hope you are doing well.  For your information, we have very recently had a new director appointed, Douglas Moore.  Given the nature of the Court's order and the Commission's disciplinary function, we have contacted the Attorney General's office for advice on how the office should best proceed.  If you could kindly provide contact information for the appropriate contact person in Judge Tancredi's chambers to speak with on this issue, that would be much appreciated.

Best,
Jennifer Montgomery


*Jennifer Y. Montgomery*
Staff Attorney
Department of Administrative Services
State Marshal Commission
Phone: 860-713-5374
Email: Jennifer.Montgomery@ct.gov


**From:** Joseph B. Burns [mailto:jburns@rms-law.com]
**Sent:** Thursday, March 29, 2018 5:36 PM
**To:** Beckham, Jeffrey <Jeffrey.Beckham@ct.gov>
**Cc:** 'W. Martyn Philpot Jr.' <wmphilpot@philpotlaw.net>; Montgomery, Jennifer <Jennifer.Montgomery@ct.gov>; Tracey Sheedy <tsheedy@rms-law.com>
**Subject:** RE: Impact of Federal Bankruptcy Laws

Mr. Beckham,

I have not heard further from your office concerning the matter discussed, below. Judge Tancredi has issued the following Order on March 27, 2018 (emphasis added; original attached). At a hearing held on March 22, 2018, the Court stated on the record that he would like me to coordinate a call with the Court and Chairman Philpot to discuss this issue, which remains of considerable concern to the Court.

Please let me know when you and Chairman Philpot are available to discuss this matter further, and to arrange for the call with Judge Tancredi. Thank you.

> **17-31385 Dorothy Moniello**
> **Order  163**
> **Docket Text:**
> ORDER: The Court will consider this matter further upon the delivery of definitive settlement documents to the Settling Parties for their review and approval and the filing of those documents and a certification by the parties of their acceptance of the proposed terms of the settlement. Further in order to address appropriately the gravity of the conduct examined herein, the Court would require a $1000 donation to the Judge Krechevsky pro bono fund (administered by the CBF and this Court) from the personal funds of Marshall Winik and **continued efforts by him and his legal counsel to arrange or facilitate appropriate Bankruptcy education of the State Marshalls relating to the automatic stay and discharge injunctions.** (RE: [142] Motion to Compromise filed by Interested Party Mark Winik). On or before March 30, 2018 the Clerk's Office shall serve this Order on Dorothy Moniello the Pro Se filer

Joseph B. Burns (jburns@rms-law.com)
Rome McGuigan, P.C.
One State Street, 21st Floor

Hartford, CT  06103
(860) 493-3410
(860) 559-5073 (mobile)
(860) 724-3921 (fax)

**PRIVILEGE AND CONFIDENTIALITY NOTICE**

The information in this electronic mail is intended for the addressed recipient(s) only.  This email may contain privileged and confidential material from the law firm of Rome McGuigan, P.C.  If you are not the intended recipient, please be advised that any disclosure, copying, distribution or use of the contents of this information is prohibited.  If you have received this email in error, please notify the sender immediately by replying to this email or by telephone.    Thank you.

---

**From:** Beckham, Jeffrey [mailto:Jeffrey.Beckham@ct.gov]
**Sent:** Friday, February 09, 2018 1:30 PM
**To:** Joseph B. Burns
**Cc:** 'W. Martyn Philpot Jr.'; Montgomery, Jennifer
**Subject:** FW: Impact of Federal Bankruptcy Laws

Attorney Burns,

We received your correspondence of January 12. Thank you.

We have forwarded your letter to Chairman Philpot to determine the Commission's course of action, if any. Bankruptcy law has not traditionally been offered as part of the state marshal training program. However, we will explore the necessity or feasibility of doing so.

Thank you for your interest.



**Jeffrey R. Beckham**
Staff Director
State Marshal Commission
Department of Administrative Services
450 Columbus Boulevard, Suite 1504
Hartford, Connecticut 06103
860.713.5372

**From:** Joseph B. Burns [mailto:jburns@rms-law.com]
**Sent:** Friday, February 09, 2018 10:23 AM
**To:** Montgomery, Jennifer <Jennifer.Montgomery@ct.gov>
**Cc:** Tracey Sheedy <tsheedy@rms-law.com>
**Subject:** Impact of Federal Bankruptcy Laws

Jennifer,

After speaking with the State Marshal Commission's secretary this morning, I am forwarding you the attached letter, which I hope is somewhat self-explanatory. Please contact me at your earliest convenience so that we may discuss the issues addressed therein. Thank you.

3

Joseph B. Burns (jburns@rms-law.com)
Rome McGuigan, P.C.
One State Street, 21st Floor
Hartford, CT  06103
(860) 493-3410
(860) 559-5073 (mobile)
(860) 724-3921 (fax)

## PRIVILEGE AND CONFIDENTIALITY NOTICE

The information in this electronic mail is intended for the addressed recipient(s) only.  This email may contain privileged and confidential material from the law firm of Rome McGuigan, P.C.  If you are not the intended recipient, please be advised that any disclosure, copying, distribution or use of the contents of this information is prohibited.  If you have received this email in error, please notify the sender immediately by replying to this email or by telephone.    Thank you.